IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MAURICE STERETT,** | ) | **CASE NO. 4:25 CV 692** |
| | ) | |
| Petitioner, | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WARDEN FENDER,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Petitioner, Maurice Sterett, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1). He is a federal pre-trial detainee in the Northeast Ohio Correctional Center awaiting trial in a criminal case pending before this Court. *See USA v. Sterett*, No. 1:23-cr-00457 (N.D. Ohio filed Aug. 23, 2023)(Ruiz, J.). In his petition he claims: (1) his right to a speedy trial under the Sixth Amendment is being violated; (2) his charges are based on false or fabricated evidence; (3) he did not receive a proper federal arraignment; and (4) the Government is withholding exculpatory evidence. He seeks immediate release from custody and an order for the Government to disclose all information in its possession relating to the paid informant.

Federal courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Upon review, the Court finds that the petition must be dismissed.

To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies. *Alden v. Kellerman*, 224 F. App'x 545, 547 (7th Cir. 2007). Therefore, a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses that may be raised in his federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial."); *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. Feb. 11, 1997) (the habeas "remedy cannot be invoked to raise defenses to a pending federal criminal prosecution"); *Holland v. Gilliam*, No. 91-5242, 1991 WL 150821, * 1 (6th Cir. Aug. 6, 1991) ("[h]abeas corpus relief is not available where, as here, a petitioner may pursue his claim in the underlying criminal proceedings"); *Woodard v. Fender,* No. 24 CV 1743, 2024 WL 5088430, at *1 (N.D. Ohio Dec. 12, 2024)(federal pretrial detainee cannot utilize a § 2241 petition to challenge the sufficiency of the charges brought against him in the pending federal criminal case); *Cox v. United States*, No. 1:21-CV-P27-GNS, 2021 WL 1392844, at *1–2 (W.D. Ky. Apr. 12, 2021)(federal pretrial detainee cannot use a § 2241 petition to challenge his indictment); *Cassaday v. Mendham*, No. 1:22-CV-723, 2022 WL 3655057, at *2 (W.D. Mich. Aug. 25, 2022)("Allowing federal [detainees] to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage 'judge shopping.'").

The pending § 2241 petition must be dismissed because Petitioner has not yet been tried in his federal criminal case, and he has not yet exhausted his claims in that case. He is represented

by counsel in his criminal case and is able to raise these concerns in that action. He cannot assert those claims in a § 2241 petition.

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: July 31, 2025

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE